IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KENNETH T. BOSLEY            *

      v.            *     CIVIL ACTION NO.  WDQ-07-1964

HOWARD H. BOSLEY            *
                      *********

## **MEMORANDUM**

On July 25, 2007, Plaintiff, a resident of Sparks, Maryland filed the above-captioned pro se action.  Paper No. 1.  Plaintiff seeks a preliminary and permanent injunction. He states that Defendant has interfered with Plaintiff's contractual and fiduciary relationship with Plaintiff's elderly brother, Donald Bosley.  Plaintiff further alleges that Defendant has comingled his assets with Donald Bosley and defrauded Donald Bosley.  Plaintiff invokes this Court's diversity jurisdiction.

The general federal venue statute, 28 U.S.C. § 1391(b), provides in relevant part: "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may ... be brought only in (1) a judicial district where any defendant resides ... [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."  Diversity exists in this case pursuant to 28 U.S.C. §1332; however, a review of the venue statutes under 28 U.S.C. §§ 1391(a) and 1391(c) illustrates that venue is not proper here.

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. §1391(a)

Defendant resides in Pennsylvania.  All of the events complained of occurred in Pennsylvania..  It does not appear that Defendant is a Maryland resident or otherwise subject to personal jurisdiction in Maryland, nor did the events giving rise to Plaintiff's complaint occur in Maryland.  As such there is no basis for finding that the Court has personal jurisdiction over Defendant.  Accordingly, for the convenience of the parties and in the interest of justice, this case shall be transferred pursuant to 28 U.S.C. §1406(a)  to the United States District Court for the Middle District of Pennsylvania.  The determination of whether Plaintiff has standing to bring this case and/or whether he is entitled to the preliminary injunctive relief he requests shall be left for that court to determine. A separate order follows.

July 24, 2007                                /s/
Date                                        William D. Quarles, Jr.
                                           United States District Judge